### DORSEY vs. HAYS.—June, 1826.

A landlord may distrain the goods of his tenant, fraudulently and clandestinely removed off the demised premises to avoid his rent, under the stat. 11 *Geo.* II, *ch.* 19, within thirty days from the time of removal, although the lease, upon which the rent was due, may then be determined, and the tenant may not be in possession of the premises.

An avowry, in a case of that kind, which only avers that the goods were fraudulently and clandestinely removed by the tenant, without also averring that they were so removed with a view to avoid the rent, is rendered good, if issue be taken on the fact *that* they were so removed with that intention; although it might, perhaps, be bad on demurrer.

In replevin where the defendant avows the taking for rent, the same jury who try the cause, may assess and value the goods distrained, without the avowant's praying that they should do so.

To support an avowry for rent, it is not necessary that it should be averred, that the avowant's interest in the demised premises continued at the time of the distress.

APPEAL from *Harford* County Court. Replevin for slaves, &c. stated in the declaration to have been taken by the defendant, (the appellee,) on the 25th of May 1823, from certain closes called *Ann's Dower* and *Osborn's Lot*, and from the dwelling-house of the plaintiff, (the appellant.) The defendant avowed the taking the goods and chattels mentioned, in the several places in which, &c. because the plaintiff for a long time, to wit, for the space of two years next before and ending on the 1st of May 1823, and from thence until, &c. held and enjoyed a certain dwelling-house with, &c. in the town of *Belle Air*, at, &c. as tenant thereof to the defendant, by virtue of a certain demise thereof to him the plaintiff theretofore made, at the yearly rent of $150, payable annually; and because the sum of $300 for the rent aforesaid, for the said space of two years, ending as aforesaid on the 1st of May 1823, and from thence until and at the time when, &c. was due and in arrear from the plaintiff to the defendant; and the defendant avers, that the plaintiff on the said 1st of May 1823, fraudulently and clandestinely removed the said goods and chattels from the said dwelling-house to the said places in the declaration named; and the defendant avers, that he pursued the said goods and chattels within thirty days after the said removal thereof; and well avows the taking thereof in the places in the declaration mentioned, and justly, &c. for and in the name of a distress for the

said rent, so due and in arrear to the defendant as aforesaid; and this he is ready to verify: wherefore he prays judgment, &c. The plaintiff pleaded three pleas to the avowry—1. That the defendant, for the reasons alleged, ought not to avow the taking of the goods, &c. in the said place where, &c. as just, because the sum of $300, of the rent aforesaid, at the time when, &c. was not in arrear and unpaid, &c Issue tendered.

2. That the defendant, at the said time when, &c. of his own wrong took the goods, &c. and unjustly detained them, &c. until, &c. in manner and form as the plaintiff had above complained against him; and this the plaintiff is ready to verify, &c.

3. That the plaintiff did not fraudulently or clandestinely carry off the said goods, &c. to prevent a distress, as the defendant hath alleged. Issue tendered. To the first and third pleas the defendant joined in issue. To the second plea he replied in the language of his avowry, and tendered an issue, which was joined in by the plaintiff. Verdict for the avowant, and the sum of $113 75 rent in arrear found to be due, and that the goods and chattels were worth $113 75. Motion by the plaintiff in arrest of judgment, for the following reasons— 1. Because the defendant in his avowry alleges that he made the distress in the avowry mentioned, after the determination of the lease upon which the rent became due, and does not allege that the plaintiff remained in possession of the demised premises. 2. Because it is not alleged in the avowry that the goods therein mentioned were fraudulently or clandestinely removed to prevent a distress. 3 Because the jury, empannell ed to try this cause, have assessed and found the value of the distress, without the avowant's having prayed that they should do so. 4. Because it is not alleged in the avowry that the said goods, in the avowry mentioned, were taken during the continuance of the avowant's title or interest in the said premises alleged to have been demised to the plaintiff.

Motion overruled, and judgment rendered on the verdict for the avowant for $113 75, rent in arrear, with interest, &c. and costs. The plaintiff appealed to this court.

The cause was argued before Buchanan, Ch. J. and Earle, and Dorsey, J.

*Speed*, for the Appellant, referred to the statutes 11 *Geo: II, ch.* 19, and 8 *Ann, ch.* 14, *s.* 6. 2 *Wheaton's Selw.* 502; and 1 *Wheaton's Selw.* 501.

*Gill*, for the Appellee, cited *Poole vs. Longuevill*, 3 *Saund.* 284, *(note 3.)* The statute 11 *Geo. II, ch.* 19, *s.* 22. 3 *Chitty's Plead.* 531. The statute 17 *Charles II.* 2 *Sellon's Pr.* 179, 180; and 1 *Sellon's Pr.* 498.

DORSEY, J. delivered the opinion of the Court. This court concur in opinion with the county court in overruling the motion in arrest of judgment. The distress was levied under the statute of 11 *Geo.* II, *ch.* 19, which has never received that limited construction sought to be imposed on it by the reason *first* assigned as a ground for arresting the judgment. Such a limitation would contravene the express provision of the statute, and almost entirely defeat the design of its framers. According to the finding of the jury, no case could come more completely within both its letter and its spirit, than the present. If the *second* reason assigned had been presented to the court below in the shape of a demurrer to the defendant's avowry, it would have been entitled to some consideration; but the plaintiff having waived that objection, and distinctly put in issue the fact of the goods having been fraudulently or clandestinely removed to prevent a distress, and that issue being found against him, upon no principle of pleading, or of common sense, can this exception to the avowry warrant the arrest of the judgment. The *third* and *fourth* grounds are equally untenable, and derive no sanction whatever from books of precedents of high authority.

JUDGMENT AFFIRMED.